UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



|  |  |
|---|---|
| ALAN BOURBEAU, | ) |
| Plaintiff, | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITY OF CHICOPEE a Municipal | ) |
| Corporation duly established under | ) |
| The laws of the Commonwealth | ) |
| Of Massachusetts, | ) |
|  | ) |
| DAVID THEROUX  In his official | ) |
| Capacity as supervisor of the City of | ) |
| Chicopee's Central Maintenance | ) |
| Garage | ) |
| Defendants | ) |
|  | ) |

# 04 - 30107 - KPN

## COMPLAINT

**FILING FEE PAID:**
RECEIPT # _305640_
AMOUNT $ _150.00_
BY DPTY CLK _MGL_
DATE _6/4/04_

## INTRODUCTION

This is an action to redress the deprivation of basic constitutional rights of

the plaintiff, Alan Bourbeau by his employer, the City of Chicopee, brought

pursuant to Massachusetts General Law, Chapter 258, Section 4, the

Massachusetts Tort Claims Act; 29 United States Code, Section 2612, The Family

and Medical Leave Act; The American Disabilities Act, 42 United States Code,

Section 12208 and 42 United States Code, Section 2000e, et seq., Massachusetts

General Law, Chapter 151B, discrimination based upon sexual harassment, the

creation of a hostile work environment, handicapped discrimination and

retaliation.

The plaintiff seeks compensatory and punitive damages and recovery of reasonable attorney's fees for the actions of the City of Chicopee.

The plaintiff has sought and received permission to sue both from the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination. Further the plaintiff has written a presentment letter pursuant to Massachusetts General Law, Chapter 258, Section 4. This letter was responded to by the City of Chicopee in which they denied coverage for the plaintiff's claim.

## JURISDICTION

This is an action brought pursuant to 29 United States Code, Section 2612, The Family and Medical Leave Act; 42 U.S.C. Sections 2000e et seq., 42 United States Code, Section 12208, American Disabilities Act and Massachusetts General Law, Chapter 151B, discrimination based upon sexual harassment, the creation of a hostile work environment, handicapped discrimination and retaliation; Massachusetts General Law, Chapter 258, Section 4, the Massachusetts Tort Claims Act; and the Fifth and Fourteenth Amendments to the United States Constitution.

This court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under State law.

## PARTIES

1.    Plaintiff, Alan Borbeau is a natural person who resides at 38 Barton Street, Belchertown, MA.

2.    Defendant David Theroux is a natural person who is the supervisor of the City of Chicopee's Central Maintenance Garage and at all times relevant to the allegations of this complaint has acted as an employee/agent for the City of Chicopee

2.    Defendant City of Chicopee is a Municipal Corporation duly established under the laws of the Commonwealth of Massachusetts with offices at 17 Springfield Street, Chicopee, MA.

## STATEMENT OF FACTS

4.    On or about June 27, 2000, the plaintiff, Mr. Alan Bourbeau was hired as the Assistant Supervisor the Maintenance for the City of Chicopee at the Central Maintenance Garage.

5.    During the second interview, Mr. Bourbeau met his immediate supervisor, the defendant, David Theroux, the supervisor of the Central Maintenance Garage.

6.    During this interview, Mr. Bourbeau made Mr. Theroux aware of his medical concerns that working near smokers exacerbated a pre-existing seizure disorder and asked for a smoke free work space.

7.    This reasonable accommodation was not made by the defendant City of Chicopee, even though the defendant City of Chicopee had a no smoking policy in effect.

6.    After a year of haring a small office with two smokers, the plaintiff Mr. Bourbeau complained further that this smoking was exacerbating his seizure disorder and causing him constant throat and lung irritation.

7.    Even though the plaintiff City of Chicopee had a no smoking policy, the City never made this reasonable accommodation as the smoking continued.

8.    At Mr. Bourbeau's annual physical on December 6, 2001, Mr. Bourbeau's doctor insisted that he change his work situation due to the stress and the smoke exacerbating Mr. Bourbeau's seizure disorder.

9.    By January of 2002, the other employees of the defendant City of Chicopee's maintenance garage continued to smoke and leave cigarettes lit openly flaunting the plaintiff's wishes.

10.    Due to the plaintiff's complaints, his working relationship with is fellow co-workers deteriorated.

11.    During this time period, Mr. Bourbeau was left out of important work meetings, was withheld information necessary to his work and was left out of other work related activities, such as messages were being taken and not given to the plaintiff..

12.    On March 15, 2002, Mr. Bourbeau spoke with his supervisor, defendant Mr. Theroux about how this smoking affected his health.

13.    Mr. Bourbeau explained that he was experiencing serious lung and throat problems which were keeping him awake at nights.

14.    Plaintiff Mr. Bourbeau related to defendant Mr. Theroux his concerns about how this smoking would affect his seizure disorder, which was becoming worse with the stress and lack of sleep.

15.    Mr. Theroux agreed to meet with Mr. Bourbeau on March 19, 2002 and stated that he would speak to one employee in particular, a Ms. Debra Cardin about the smoking, since she smoked at a work space close in proximity to that of the plaintiff.

16.    On March 19, 2002, the defendant Mr. Theroux ended up unavailable for this meeting and stated to the plaintiff that Ms. Cardin was hard to get along with and that the plaintiff Mr. Bourbeau would not be able to change her now.

17.    On March 29, 2002, as Ms. Cardin's direct supervisor, Mr. Bourbeau asked Ms. Cardin to stop smoking and she merely stated that she would not and to "go ahead and write her up' because it would not matter because "Mr. Theroux would back her."

18.    On April 2, 2002, when Mr. Bourbeau attempted to speak with Mr. Theroux about the smoking situation, Mr. Theroux became very violent, yelling screaming and actually physically advancing towards Mr. Bourbeau.

19.    Another argument occurred later in the day exacerbating Mr. Burbeau's seizure disorder even further.

20.    Mr. Bourbeau was extremely stressed at this juncture and was experiencing involuntary tremors of his right jaw and right hand.

21.    Mr. Bourbeau's doctor, Dr. Koppleman wrote a note ordering the plaintiff not to go to work from April 3, 2002 to April 8, 2002.

22.    In addition to the harassment on a daily basis regarding the smoking and his health, Mr. Bourbeau was subject to a hostile work environment due to sexual discrimination.

23.    During the period when the plaintiff was having a difficult time with both Mr. Theroux and Ms. Cardin, the plaintiff learned that the two of them were having a relationship.

24.    The nature of their relationship was openly intimate and inappropriate for the work place.

25.    This conduct was pervasive causing the work environment to become hostile and humiliating for the plaintiff, Alan Bourbeau.

26.    This conduct affected the job performance of the plaintiff and altered the conditions of his employment.

27.    This inappropriate conduct such as heavy kissing and touching in an intimate fashion took place in the open where Mr. Bourbeau and others would see.

28.    The result of this relationship was to exclude Mr. Bourbeau and others from interacting with them.

29.    Multiple situations arose where she was given preferential treatment and favors.

30.    This relationship undermined the plaintiff on various different levels, undermining his ability to control an employee, Ms. Cardin who worked under the plaintiff and undermining his ability to have a relationship with his own direct supervisor, the defendant, Mr. Theroux.

31.    Mr. Bourbeau began witnessing other inappropriate behavior between Mr. Theroux and Ms. Cardin such as grabbing each other below the counter while other employees were in the room.

32.    Mr. Bourbeau told both the defendant, Mr. Theroux and Ms. Cardin that it made him uncomfortable to see this.

33.    These openly sexual incidents kept on occurring and resulted in Ms. Cardin's not performing her duties well and spending an unwarranted amount of her time in Mr. Theroux's office.

34.    On several occasions, the plaintiff Mr. Bourbeau walked into the defendant's Mr. Theroux's office and saw Ms. Cardin and Mr. Theroux kissing each other.

35.    Again, Mr. Bourbea reiterated his objection to his behavior.

36.    This behavior continued until May 22, 2002 when Mr. Bourbeau met with Rich Merchant of Human Resources to try to resolve these issues.

37.    Mr. Merchant and the plaintiff, Mr. Bourbeau discussed the filing of a complaint against Mr. Theroux and Ms. Cardin.

38.    Approximately two days after this meeting, the locks were changed effectively preventing Mr. Bourbeau from coming to work.

39.    On May 7, 2002, when the defendant Mr. Theroux came back from his vacation he screamed at Mr. Bourbeau to go home and leave.

40.    At this time, Mr. Borbeau went to the physician's office and Dr. Koppleman ordered antibiotics and treatment for pneumonia.

41.    At this time Dr. Koppleman ordered Mr. Bourbeau out of work again.

42.    Mr. Bourbeau notified the defendant Mr. Theroux of this on May 15, 2002.

43.    Dr. Koppleman ordered Mr. Bourbeau out of work until June 10, 2002 due to the increased seizure activity, which was exacerbated by this stressful work environment, and due to his cough.

44.    While Mr. Bourbeau was recovering, the City of Chicopee decided that his position would be deleted even though Mr. Bourbeau worked for the City of Chicopee for 17 years without complaint

45.    Two letters were written by the City of Chicopee communicating the fact that his position would be deleted to the plaintiff.

46.    The preliminary letter was written on June 6, 2002, with a final termination letter written on June 17, 2002. The termination was effective on July 1, 2002.

47.    The City of Chicopee at all times was an employer employing more than fifty people, subjected them to the provisions of the Family and Medical Leave Act.

48.    The deletion of Mr. Bourbeau's position while out ill constituted a willful violation of the Family and Medical Leave Act.

49.     The above-enumerated unlawful activities performed by the City of Chicopee and its employees constituted emotional abuse, both intentional and negligent, and were inflicted upon Mr. Bourbeau without legal justification or excuse.

50.     Furthermore, the injuries that Mr. Bourbeau sustained were a proximate result of the actions of the City of Chicopee Central Maintenance Garage, and the City of Chicopee.

51.     As a direct and proximate result of the illegal acts, omissions and procedures of the City of Chicopee Central Maintenance Garage, the City of Chicopee, and the Mayor of the City of Chicopee and its officers, Mr. Bourbeau has suffered severe emotional distress.

52.     Ever since these incidents at work, Mr. Bourbeau has been suffering from Posttraumatic Stress Disorder exhibiting symptoms including but not limited to distressing recollections of the event, distressing dreams of the event, experiencing the event, psychological distress at exposure to events that resemble the traumatic event, diminished interest in activities, feelings of detachment from others, difficulty falling asleep, irritability difficulty concentrating and hyper vigilance.

53.     Finally, due to the severity of the event, Mr. Bourbeau is currently seeing both a psychologist and being treated psychopharmacologically by a psychiatrist.

54.     Due to the actions of the City of Chicopee, Mr. Bourbeau has been injured and has certain claims which are guaranteed under the laws of the Massachusetts

including but not limited to, claims of negligence, negligent training and supervision, intentional infliction of emotional distress, and negligent infliction of emotional distress.

## COUNT I
### Sexual Harassment
### (42 U.S.C. Section 2000e, et seq)

55.    The plaintiff reavers the allegations of paragraphs 1 to 54 of this complaint.

56.    The defendant, City of Chicopee did violate the federally protected civil rights of the plaintiff Alan Bourbeau and 42 U.S.C., Sec. 2000e, et seq. and by amendments I, IV, V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

57.    The defendants City of Chicopee and David Theroux sexually harassed the plaintiff by committing sexual misconduct by interfering with the plaintiff's work performance by creating an intimidating, hostile and offensive work environment.

58.    This conduct consisted of allowing a pervasive atmosphere of sexually offensive conduct, which interfered with the plaintiff's work environment.

59.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT II
### Sexual Harassment
### (G.L.c. 151B, Sec. 4(16A)

60.    The plaintiff reavers the allegations of paragraphs 1 to 59 of this complaint.

56.    The defendants, City of Chicopee and David Theroux did violate under the laws of the Commonwealth of Massachusetts and under G.L. c. 151B, Sec. 4(16A) the protected civil rights of the plaintiff Alan Bourbeau in the manner and by the acts set forth hereinafter in this count.

57.    The defendants City of Chicopee and David Theroux sexually harassed the plaintiff by committing sexual misconduct by interfering with the plaintiff's work performance by creating an intimidating, hostile and offensive work environment.

58.    This conduct consisted of allowing a pervasive atmosphere of sexually offensive conduct, which interfered with the plaintiff's work environment.

59.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT III
### Sexual Discrimination
### (42 U.S.C. Section 2000e, et seq)

60.    The plaintiff reavers the allegations of paragraphs 1 to 59 of this complaint.

61.    The defendants, City of Chicopee and David Theroux did violate the federally protected civil rights of the plaintiff Alan Bourbeau and 42 U.S.C., Sec. 2000e, et seq. and by amendments I, IV, V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

62.    The defendants City of Chicopee and David Theroux sexually discriminated against the plaintiff by creating disparate conditions of employment between employees based solely upon the gender of the employee.

63.    This conduct consisted of defendant David Theroux in his capacity of supervisor of the maintenance garage giving more favorable conditions of employment to Ms. Cardin merely due to Mr. Theroux's relationship with Ms. Cardin.

64.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT IV
## Sexual Harassment
## (G.L.c. 151B, Sec. 4(16A)

65.    The plaintiff reavers the allegations of paragraphs 1 to 64 of this complaint.

66.    The defendants, City of Chicopee and David Theroux did violate under the laws of the Commonwealth of Massachusetts and under G.L. c. 151B, Sec. 4(16A) the protected civil rights of the plaintiff Alan Bureau in the manner and by the acts set forth hereinafter in this count.

67.    The defendants City of Chicopee and David Theroux sexually discriminated against the plaintiff by creating disparate conditions of employment between employees based solely upon the gender of the employee.

68.    This conduct consisted of defendant David Theroux in his capacity of supervisor of the maintenance garage giving more favorable conditions of employment to Ms. Cardin merely due to Mr. Theroux's relationship with Ms. Cardin.

69.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT V
### Intentional Infliction of Emotional Distress

70.    Plaintiffs affirm and reallege the allegations of Paragraphs 1 through 69.

71.    The defendants City of Chicopee and David Theroux, did intentionally cause the plaintiff Alan Bourbeau to suffer emotional distress through their actions.

72.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT VI
### Negligent Infliction of Emotional Distress

73.    Plaintiffs affirm and reallege the allegations of Paragraphs 1 through 72.

74.    The defendants City of Chicopee and David Theroux, did negligently cause the plaintiff Alan Bourbeau to suffer emotional distress through their actions.

75.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT VII
### Violation of Family and Medical Leave Act
### (29 U.S.C. 2613)

76.    The plaintiff reavers the allegations of paragraphs 1 to 75 of this complaint.

77.     The defendants, City of Chicopee and David Theroux did violate the federally protected rights of the plaintiff Alan Bourbeau and 29 U.S.C., Sec. 2613. and by amendments V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

78.     The defendant City of Chicopee did terminate the plaintiff while on a medical leave for a serious health condition that made the plaintiff unable to perform the functions of the position of his employee.

79.     As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

### COUNT VIII
### Violation of American with Disabilities Act
### (42 U.S.C. 12101, et seq.)

80.     The plaintiff reavers the allegations of paragraphs 1 to 79 of this complaint.

81.     The defendants, City of Chicopee and David Theroux did violate the federally protected rights of the plaintiff Alan Bourbeau and 42 U.S.C., Sec. 2613. and by

amendments V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

82.    The defendant City of Chicopee did terminate the plaintiff, a qualified individual with a disability because of the disability.

83.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

**COUNT IX**
**Violation of American with Disabilities Act**
**Lack of Reasonable Accommodation**
**(42 U.S.C. 12101, et seq.)**

84.    The plaintiff reavers the allegations of paragraphs 1 to 83 of this complaint.

85.    The defendant, City of Chicopee and David Theroux did violate the federally protected rights of the plaintiff Alan Bourbeau and 42 U.S.C., Sec. 2613. and by amendments V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

86.    The defendant City of Chicopee did not offer the plaintiff, a qualified employee, reasonable accommodation, such as a smoke free environment in spite of the fact that such accommodation would have not been difficult or costly to provide and that it was in direct contravention of the city's no smoking policies.

87.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT X
## Handicapped Discrimination
## (G.L. c. 151B, Sec. 1(17)

88.    The plaintiff reavers the allegations of paragraphs 1 to 87 of this complaint.

89.    The defendant, City of Chicopee did violate the rights of the plaintiff Alan Bourbeau under the laws of the Commonwealth and under G.L. c. 151B, Sec. 1(17) in the manner and by the acts set forth hereinafter in this count.

90.    The defendant City of Chicopee did terminate the plaintiff, a person who was a qualified handicapped person because of the plaintiff's handicap.

91.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

## COUNT XI
### Lack of Reasonable Accommodation
### (G.L. c. 151B, Sec. 1(17))

92.    The plaintiff reavers the allegations of paragraphs 1 to 91 of this complaint.

93.    The defendants, City of Chicopee and David Theroux did violate the plaintiff's protected rights under the laws of the Commonwealth and under G.L. c. 151B, Sec. 1(17) in the manner and by the acts set forth hereinafter in this count.

94.    The defendants City of Chicopee and David Theroux did not offer the plaintiff, a qualified employee reasonable accommodation, such as a smoke free environment in spite of the fact that such accommodation would have not been difficult or costly to provide and that it was in direct contravention of the city's no smoking policies.

95.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT XII
### Retaliation

96.     The plaintiff reavers the allegations of paragraphs 1 to 95 of this complaint.

97.     The defendant, City of Chicopee did violate the plaintiff's protected federal Constitutional rights under the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., under the V and IV Amendments to the United States Constitution and under the laws of the Commonwealth and under G.L. c. 151B in the manner and by the acts set forth hereinafter in this count.

98.     The defendant City of Chicopee retaliated against the plaintiff Alan Bourbeau because the plaintiff consistently opposed the employer's practices of creating a sexually hostile environment and opposed the employer's not making reasonable accomodations for the plaintiff's qualified disability/handicap.

99.     Further, the defendant City of Chicopee retaliated against the plaintiff Alan Bourbeau because the plaintiff had informed the City Human Resources department that he was planning on filing suit in the Massachusetts Commission Against Discrimination due to the defendant's City's discriminatory practices.

100.    As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

Plaintiff makes a demand for a jury on the claims as above described.

THE PLAINTIFF

Alan Bourbeau

By:

His Attorney
Alan J. Black, Esquire
1383 Main Street
Springfield, MA  01103
(413) 732-5381