UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAN BOURBEAU, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Western District of Massachusetts |
| | ) | No. 04-30107-KPN |
| CITY OF CHICOPEE a Municipal | ) | |
| Corporation duly established under | ) | |
| the laws of the Commonwealth of | ) | |
| Massachusetts, | ) | |
| | ) | |
| DAVID THEROUX in his official | ) | |
| Capacity as supervisor of the City of | ) | |
| Chicopee's Central Maintenance | ) | |
| Garage, | ) | |
| Defendants. | ) | |

DEFENDANT DAVID THEROUX'S ANSWER AND DEMAND
FOR JURY TRIAL

The Defendant David Theroux ("Theroux") hereby answers the Plaintiff's Complaint as

follows:

**DEFENSE**

RE: "INTRODUCTION"

Since this Paragraph presumes to set forth the intent of the Plaintiff in pursuing his

complaint, the Defendant has insufficient information to admit or deny same. To the extent it

makes allegations of fact, the Defendant denies them. Further, the Defendant respectfully refers

all questions of law to the Court's attention and refers this Court to the full text of the Complaint

for its terms and meanings.

The Defendant has insufficient information to admit or deny the second Paragraph, but

again respectfully refers this Court to the full text of the Complaint for its terms and meanings.

The Defendant further states that the Plaintiff is not entitled to any relief whatsoever.

The Defendant is without sufficient information to admit or deny the allegations of the third Paragraph.

## RE: "JURISDICTION"

This Paragraph presumes to set forth the jurisdiction of this Court. The Defendant has insufficient knowledge at this time to either admit or deny whether such statutes are applicable to the facts of this case. The Defendant respectfully refers all questions of law to the Court's attention. Further, this Paragraph does not allege facts. To the extent this Paragraph does make any such allegations, the Defendant denies them.

As stated above, regarding the second Paragraph, the Defendant respectfully refers all questions of law to the Court's attention.

## RE: "PARTIES"

1.     The Defendant admits that Alan Bourbeau is a natural person but is without sufficient information to admit or deny the remaining allegations of Paragraph 1 of the Plaintiff's Complaint.

2.     The Defendant admits the allegations of Paragraph 2 of the Plaintiff's Complaint.

2.     The Defendant admits the allegations of Paragraph "2" of the Plaintiff's Complaint.

## RE: "STATEMENT OF FACTS"

4.     The Defendant admits the allegations of Paragraph 4 of the Plaintiff's Complaint.

5.    The Defendant is without sufficient information to admit or deny the allegations of Paragraph 5 of the Plaintiff's Complaint.

6.    The Defendant denies the allegations of Paragraph 6 of the Plaintiff's Complaint.

7.    The Defendant denies the allegations of Paragraph 7 of the Plaintiff's Complaint.

6.    The Defendant denies the allegations of Paragraph "6" of the Plaintiff's Complaint.

7.    The Defendant is without sufficient information to admit or deny that the Defendant City of Chicopee had a no smoking policy, but denies the remaining allegations of Paragraph "7" of the Plaintiff's Complaint.

8.    The Defendant is without sufficient information to admit or deny the allegation of Paragraph "8" of the Plaintiff's Complaint.

9.    The Defendant denies the allegations of Paragraph "9" of the Plaintiff's Complaint.

10.    The Defendant denies the allegations of Paragraph "10" of the Plaintiff's Complaint.

11.    The Defendant denies the allegations of Paragraph "11" of the Plaintiff's Complaint.

12.    The Defendant denies the allegations of Paragraph "12" of the Plaintiff's Complaint.

13.     The Defendant denies the allegations of Paragraph "13" of the Plaintiff's Complaint.

14.     The Defendant denies the allegations of Paragraph "14" of the Plaintiff's Complaint.

15.     The Defendant admits that he agreed to meet with Mr. Bourbeau but is without sufficient

        information to admit or deny the remaining allegations of Paragraph "15" of the

        Plaintiff's Complaint.

16.     The Defendant is without sufficient information to admit or deny the allegations of

        Paragraph "16" of the Plaintiff's Complaint.

17.     The Defendant is without sufficient information to admit or deny the allegations of

        Paragraph "17" of the Plaintiff's Complaint.

18.     The Defendant denies the allegations of Paragraph "18" of the Plaintiff's Complaint.

19.     The Defendant denies the allegations of Paragraph "19" of the Plaintiff's Complaint.

20.     The Defendant is without sufficient information to admit or deny the allegations of

        Paragraph "20" of the Plaintiff's Complaint.

21.     The Defendant is without sufficient information to admit or deny the allegations of

        Paragraph "21" of the Plaintiff's Complaint.

22.    The Defendant denies the allegations of Paragraph "22" of the Plaintiff's Complaint.

23.    The Defendant is without sufficient information to admit or deny the allegations of
       Paragraph "23" of the Plaintiff's Complaint.

24.    The Defendant denies the allegations of Paragraph "24" of the Plaintiff's Complaint.

25.    The Defendant denies the allegations of Paragraph "25" of the Plaintiff's Complaint.

26.    The Defendant denies the allegations of Paragraph "26" of the Plaintiff's Complaint.

27.    The Defendant denies the allegations of Paragraph "27" of the Plaintiff's Complaint.

28.    The Defendant denies the allegations of Paragraph "28" of the Plaintiff's Complaint.

29.    The Defendant denies the allegations of Paragraph "29" of the Plaintiff's Complaint.

30.    The Defendant denies the allegations of Paragraph "30" of the Plaintiff's Complaint.

31.    The Defendant denies the allegations of Paragraph "31" of the Plaintiff's Complaint.

32.    The Defendant denies the allegations of Paragraph "32" of the Plaintiff's Complaint.

33.     The Defendant denies the allegations of Paragraph "33" of the Plaintiff's Complaint.

34.     The Defendant denies the allegations of Paragraph "34" of the Plaintiff's Complaint.

35.     The Defendant denies the allegations of Paragraph "35" of the Plaintiff's Complaint.

36.     The Defendant denies the allegations of Paragraph "36" of the Plaintiff's Complaint.

37.     The Defendant is without sufficient information to admit or deny the allegations of
        Paragraph "37" of the Plaintiff's Complaint.

38.     The Defendant admits that the locks were changed but denies the remaining allegations of
        Paragraph "38" of the Plaintiff's Complaint.

39.     The Defendant denies the allegations of Paragraph "39" of the Plaintiff's Complaint.

40.     The Defendant is without sufficient information to admit or deny the allegations of
        Paragraph "40" of the Plaintiff's Complaint.

41.     The Defendant is without sufficient information to admit or deny the allegations of
        Paragraph "41" of the Plaintiff's Complaint.

42.     The Defendant denies the allegations of Paragraph "42" of the Plaintiff's Complaint.

43.    The Defendant denies the allegations of Paragraph "43" of the Plaintiff's Complaint.

44.    The Defendant denies the allegations of Paragraph "44" of the Plaintiff's Complaint.

45.    The Defendant is without sufficient information to admit or deny the allegations of Paragraph "45" of the Plaintiff's Complaint.

46.    The Defendant admits that the termination was effective on July 1, 2002, but is without sufficient information to admit or deny the remaining allegations of Paragraph "46" of the Plaintiff's Complaint.

47.    The Defendant admits the allegations of Paragraph "47" of the Plaintiff's Complaint, but respectfully refers all matters of law to the Court's attention.

48.    The Defendant denies the allegations of Paragraph "48" of the Plaintiff's Complaint.

49.    The Defendant denies the allegations of Paragraph "49" of the Plaintiff's Complaint.

50.    The Defendant denies the allegations of Paragraph "50" of the Plaintiff's Complaint.

51.    The Defendant denies the allegations of Paragraph "51" of the Plaintiff's Complaint.

52.    The Defendant denies the allegations of Paragraph "52" of the Plaintiff's Complaint.

53.    The Defendant denies the allegations of Paragraph "53" of the Plaintiff's Complaint.

54.    The Defendant denies the allegations of Paragraph "54" of the Plaintiff's Complaint.

<u>RE: "COUNT I Sexual Harassment (42 U.S.C. Section 2000e, et seq)"</u>

55.    The Defendant restates his responses to Paragraphs 1 through 54, <u>supra</u>, and incorporates the same as if originally stated herein.

56.    The Defendant denies the allegations of Paragraph "56" of the Plaintiff's Complaint.

57.    The Defendant denies the allegations of Paragraph "57" of the Plaintiff's Complaint.

58.    The Defendant denies the allegations of Paragraph "58" of the Plaintiff's Complaint.

59.    The Defendant denies the allegations of Paragraph "59" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that this Count be dismissed with costs awarded to the Defendant.

<u>RE: "COUNT II Sexual Harassment (G.L. c. 151B, Sec. 4(16A)"</u>

60.    The Defendant restates his responses to Paragraphs 1 through 59, <u>supra</u>, and incorporates the same as if originally stated herein.

56.    The Defendant denies the allegations of Paragraph "56" of the Plaintiff's Complaint.

57.    The Defendant denies the allegations of Paragraph "57" of the Plaintiff's Complaint.

58.    The Defendant denies the allegations of Paragraph "58" of the Plaintiff's Complaint.

59.    The Defendant denies the allegations of Paragraph "59" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that this Count be dismissed with costs awarded to the Defendant.

RE: "COUNT III Sexual Discrimination (42 U.S.C. Section 2000e, et seq)"

60.    The Defendant restates his responses to Paragraphs 1 through 59, supra, and incorporates the same as if originally stated herein.

61.    The Defendant denies the allegations of Paragraph "61" of the Plaintiff's Complaint.

62.    The Defendant denies the allegations of Paragraph "62" of the Plaintiff's Complaint.

63.    The Defendant admits that at all times relevant hereto he was acting in the capacity of supervisor of the maintenance garage but denies the remaining allegations of Paragraph "63" of the Plaintiff's Complaint.

64.     The Defendant denies the allegations of Paragraph "64" of the Plaintiff's Complaint.

        The Defendant further denies that the Plaintiff is entitled to any relief, and requests that
this Count be dismissed with costs awarded to the Defendant.

        RE: "COUNT IV Sexual Harassment (G.L.c. 151B, Sec. 4(16A)"

65.     The Defendant restates his responses to Paragraphs 1 through 64, supra, and incorporates
        the same as if originally stated herein.

66.     The Defendant denies the allegations of Paragraph "66" of the Plaintiff's Complaint.

67.     The Defendant denies the allegations of Paragraph "67" of the Plaintiff's Complaint.

68.     The Defendant admits that at all times relevant hereto he was acting in the capacity of
        supervisor of the maintenance garage but denies the remaining allegations of Paragraph
        "68" of the Plaintiff's Complaint.

69.     The Defendant denies the allegations of Paragraph "69" of the Plaintiff's Complaint.

        The Defendant further denies that the Plaintiff is entitled to any relief, and requests that
this Count be dismissed with costs awarded to the Defendant.

        RE: "COUNT V Intentional Infliction of Emotional Distress"

70.     The Defendant restates his responses to Paragraphs 1 through 69, supra, and incorporates

the same as if originally stated herein.

71.     The Defendant denies the allegations of Paragraph "71" of the Plaintiff's Complaint.

72.     The Defendant denies the allegations of Paragraph "72" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that this Count be dismissed with costs awarded to the Defendant.

<u>RE: "COUNT VI Negligent Infliction of Emotional Distress"</u>

73.     The Defendant restates his responses to Paragraphs 1 through 72, <u>supra</u>, and incorporates the same as if originally stated herein.

74.     The Defendant denies the allegations of Paragraph "74" of the Plaintiff's Complaint.

75.     The Defendant denies the allegations of Paragraph "75" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that this Count be dismissed with costs awarded to the Defendant.

<u>RE: "COUNT VII Violation of Family and Medical Leave Act (29 U.S.C. 2613)"</u>

76.     The Defendant restates his responses to Paragraphs 1 through 75, <u>supra</u>, and incorporates the same as if originally stated herein.

77.    The Defendant denies the allegations of Paragraph "77" of the Plaintiff's Complaint.

78.    The Defendant denies the allegations of Paragraph "78" of the Plaintiff's Complaint.

79.    The Defendant denies the allegations of Paragraph "79" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that this Count be dismissed with costs awarded to the Defendant.

RE: "COUNT VIII Violation of American with Disabilities Act (42 U.S.C. 12101, et seq."

80.    The Defendant restates his responses to Paragraphs 1 through 79, supra, and incorporates the same as if originally stated herein.

81.    The Defendant denies the allegations of Paragraph "81" of the Plaintiff's Complaint.

82.    The Defendant denies the allegations of Paragraph "82" of the Plaintiff's Complaint.

83.    The Defendant denies the allegations of Paragraph "83" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that this Count be dismissed with costs awarded to the Defendant.

RE: "COUNT IX Violation of American with Disabilities Act Lack of Reasonable Accommodation (42 U.S.C. 12101, et seq.)"

84.     The Defendant restates his responses to Paragraphs 1 through 83, supra, and incorporates the same as if originally stated herein.

85.     The Defendant denies the allegations of Paragraph "85" of the Plaintiff's Complaint.

86.     The Defendant denies the allegations of Paragraph "86" of the Plaintiff's Complaint.

87.     The Defendant denies the allegations of Paragraph "87" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that this Count be dismissed with costs awarded to the Defendant.

RE: "COUNT X Handicapped Discrimination (G.L. c. 151B, Sec. 1 (17)"

88.     The Defendant restates his responses to Paragraphs 1 through 87, supra, and incorporates the same as if originally stated herein.

89.     The Defendant denies the allegations of Paragraph "89" of the Plaintiff's Complaint.

90.     The Defendant denies the allegations of Paragraph "90" of the Plaintiff's Complaint.

91.     The Defendant denies the allegations of Paragraph "91" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that

this Count be dismissed with costs awarded to the Defendant.

RE: "COUNT XI Lack of Reasonable Accommodation (G.L. c. 151B, Sec. 1(17)"

92.    The Defendant restates his responses to Paragraphs 1 through 91, supra, and incorporates the same as if originally stated herein.

93.    The Defendant denies the allegations of Paragraph "93" of the Plaintiff's Complaint.

94.    The Defendant denies the allegations of Paragraph "94" of the Plaintiff's Complaint.

95.    The Defendant denies the allegations of Paragraph "95" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that this Count be dismissed with costs awarded to the Defendant.

RE: "COUNT XII Retaliation"

96.    The Defendant restates his responses to Paragraphs 1 through 95, supra, and incorporates the same as if originally stated herein.

97.    The Defendant denies the allegations of Paragraph "97" of the Plaintiff's Complaint.

98.    The Defendant denies the allegations of Paragraph "98" of the Plaintiff's Complaint.

99.    The Defendant denies the allegations of Paragraph "99" of the Plaintiff's Complaint.

100.    The Defendant denies the allegations of Paragraph "100" of the Plaintiff's Complaint.

The Defendant further denies that the Plaintiff is entitled to any relief, and requests that this Count be dismissed with costs awarded to the Defendant.

THE DEFENDANT DEMANDS A JURY TRIAL ON ALL COUNTS.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

101.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

102.    The Plaintiff is estopped from seeking the relief set forth in the Complaint by reason of his own misconduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

103.    The actions of Defendant are not the proximate cause of any damages allegedly suffered by the Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

104.    The Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

105.    The Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

106.    The Plaintiff's claims are barred by his failure to make proper presentment of his claim pursuant to G.L. c. 258.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

107.   The Defendant is immune from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

108.   The Plaintiff's claims are barred because the Plaintiff does not have standing in that he

was not a "qualified handicapped person" within the meaning of G.L. c. 151B.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

109.   The Plaintiff's claims are barred by the principal of comparative negligence.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

110.   The Plaintiff's claims in this action are barred because the damage and loss alleged by

him resulted from his own conduct and not from that of the Defendant.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

111.   The Plaintiff has failed to mitigate his alleged damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

112.   The Defendant states that if the Plaintiff was damaged as alleged, such was due to the act

or neglect of another, which constitutes an intervening, superseding cause, wherefore the

Defendant is not liable.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

113.   The Plaintiff has misnamed the Defendant as a party and the named Defendant is not the

proper party to this action.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

114.   The Plaintiff is barred from pursuing his claims because of his failure to exhaust

administrative remedies.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

115. The Plaintiff's claims must be dismissed for lack of personal jurisdiction over the

Defendant.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

116. The Plaintiff's claims must be dismissed for lack of subject matter jurisdiction

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

117. The Plaintiff's claims are barred by the applicable workers compensation statutes.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

118. The Plaintiff's claims are barred because at all times relevant hereto, the Defendant was

acting in the scope of his employment.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

119. The Defendant gives notice that the Defendant intends to rely upon such other and further

defenses as may become available or apparent during discovery proceedings in this case,

and hereby reserves the right to amend the Defendant's answer to assert any such other

defense.

**WHEREFORE**, the Defendant respectfully demands that judgment be entered against

the Plaintiff, as follows: (i) dismissing the Complaint, with prejudice, in its entirety; and (ii) for

such other and further relief as this Court deems just and proper, including all reasonable

attorneys' fees incurred by the Defendant in this action.

### THE DEFENDANT DEMANDS A JURY TRIAL.

THE DEFENDANT
DAVID THEROUX

BY: _____

MARY H. PATRYN, ESQ.
BBO #633114
21 Stockbridge Street
Springfield, MA 01103
(413) 565-5343 - telephone
(413) 746-0888 - facsimile

Date: August 13, 2004.

## Certificate of Service

I, Mary H. Patryn, do hereby certify that on August 13, 2004, the foregoing was served on all parties of record by U.S. First Class Mail, postage pre-paid, to:

Alan Jay Black, Esq.                    William J. O'Grady, Esq.
1383 Main Street                        Associate City Solicitor
Springfield, MA 01103                   City of Chicopee Law Department
                                        17 Springfield Street
                                        Chicopee, MA 01013

_____
MARY H. PATRYN