UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 FEB 13 P 2: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

YANKEE ENVIRONMENTAL
SYSTEMS, INC.
    Plaintiff

v.

SVT ASSOCIATES, INC. AND BLUE
LOTUS MICRO DEVICES, INC.
    Defendants

Civil Action No. 03-30011-MAP

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY

The plaintiff, Yankee Environmental Systems, Inc. moves, in limine, to exclude from evidence at the trial the testimony of the witness designated in the defendant, SVT Associates, Inc.'s witness list as:

> 12. Employee or representative for the United States Department of Energy Contract Officers. This witness, who will likely testify via deposition, is expected to testify as to the general nature of SBIR grants, and the roles and obligations of the Department of Energy, awardees and subcontractors of such projects;

In support of this motion the plaintiff states:

1. The defendant should not be permitted to designate as a witness, some unnamed employee of the United States Department of Energy to testify for the first time at trial. In the absence of the identification of the witness, the plaintiff has had no opportunity to take the deposition of the witness. As recently as February 7, 2006, defendant's counsel has advised plaintiff's counsel that he is unable to name the person who will be testifying. In addition, in the defendant's Rule 26(a)(1)(A) disclosure, the defendant never disclosed the Department of Energy or any of its employees as persons likely to have discoverable information. To permit the defendant to simply show up at trial with a Department of Energy witness is unfair surprise and would constitute unfair prejudice to the plaintiff.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 FEB 13 P 2:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| YANKEE ENVIRONMENTAL SYSTEMS, INC.<br>Plaintiff<br><br>v.<br><br>SVT ASSOCIATES, INC. AND BLUE LOTUS MICRO DEVICES, INC.<br>Defendants | Civil Action No. 03-30011-MAP |

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY

The plaintiff, Yankee Environmental Systems, Inc. moves, in limine, to exclude from evidence at the trial the testimony of the witness designated in the defendant, SVT Associates, Inc.'s witness list as:

> 12. Employee or representative for the United States Department of Energy Contract Officers. This witness, who will likely testify via deposition, is expected to testify as to the general nature of SBIR grants, and the roles and obligations of the Department of Energy, awardees and subcontractors of such projects;

In support of this motion the plaintiff states:

1. The defendant should not be permitted to designate as a witness, some unnamed employee of the United States Department of Energy to testify for the first time at trial. In the absence of the identification of the witness, the plaintiff has had no opportunity to take the deposition of the witness. As recently as February 7, 2006, defendant's counsel has advised plaintiff's counsel that he is unable to name the person who will be testifying. In addition, in the defendant's Rule 26(a)(1)(A) disclosure, the defendant never disclosed the Department of Energy or any of its employees as persons likely to have discoverable information. To permit the defendant to simply show up at trial with a Department of Energy witness is unfair surprise and would constitute unfair prejudice to the plaintiff.