UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF
MASSACHUSETTS
CIVIL ACTION NO.: 04-30107-KPN

|  |  |
|---|---|
| *ALAN BOURBEAU,*<br>  *Plaintiff*<br><br>v.<br><br>*CITY OF CHICOPEE, A Municipal*<br>*Corporation duly established under the*<br>*Laws of the Commonwealth of*<br>*Massachusetts,*<br>  *and*<br>*DAVID THEROUX in his official*<br>*Capacity as supervisor of the City of*<br>*Chicopee's Central Maintenance Garage,*<br>  *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, DAVID THEROUX IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF THE CITY OF CHICOPEE'S CENTRAL MAINTENANCE GARAGE

### General

1. The facts (though not the legal conclusions or assertions) are taken as alleged by Plaintiff in his complaint, Paragraphs 4 through 54, which are incorporated herein by reference (Ex. A).

2. Plaintiff brought a claim for discrimination pursuant to 42 U.S.C. 2000e and M.G.L. c. 151B before the Massachusetts Commission Against Discrimination (MCAD). The Commission found insufficient evidence of discrimination, and Plaintiff appealed. During the pendency of the appeal Plaintiff withdrew his MCAD claim to pursue a civil suit (Ex. B).

### Sexual Harassement (Counts I and II)

3. Plaintiff alleges seven (7) incidents of sexual behavior between David Theroux and Debra Cardin:

1

  a. Arm rubbing before May 2001;
  b. Embracing and kissing for a few seconds on May 26 2001;
  c. On various occasions Ms. Cardin had her hands on Mr. Theroux's rear-end;
  d. In September, 2001, Ms. Cardin had her hands in Mr. Theroux's lap;
  e. In November 2001 Ms. Cardin was sitting on Mr. Theroux's desk;
  f. In April 2002 Ms. Cardin and Mr. Theroux were standing close to each other as if they were about to kiss;
  g. In February 2003 Ms. Cardin showed Plaintiff Valentine's Day cars from MR. Theroux saying: *I Love You*. (Ex. C, Plaintiff's Deposition, pp. 41-43, 46-47, 49-54, 63).

4. At all times Theroux and Cardin were fully clothed. (Ex. C, Plaintiff's Deposition, p. 50).

5. No alleged sexual conduct was directed at Plaintiff Bourbeau; rather he alleges that he witnessed the conduct between Theroux and Cardin. (Ex. A, Complaint; Ex. B, MCAD filings; Ex. C, Plaintiff's Deposition, pp. 41-43, 46-47, 49-54).

6. Both Theroux and Cardin deny any intimate sexual relationship. (Ex. E, Theroux deposition, p. 25; Ex. F, Cardin deposition, p. 12).

**Sexual Discrimination: Disparate Conditions: Counts III and IV**

7. Plaintiff claims to have been left out of decisions, in particular, that Cardin was to answer the telephone, not him. (Ex. C, Plaintiff's deposition, p. 59).

8. The adverse job action Plaintiff asserts is:
  a. that he was not made aware of a truck that had come in for service work, and was yelled at by Theroux. (Ex. C, Plaintiff's deposition, p. 60).
  b. Several repairmen and Ms. Cardin did not have to report to Bourbeau, but "went around him directly to Theroux. Others did report to Bourbeau. (Ex. C, Plaintiff's deposition, pp. 125-127).

    c.    Several repairmen and Ms. Cardin did not do a full week's work each week. Others did do a full week's work. (Ex. C, Plaintiff's deposition, pp. 125-127).

    d.    There was no formal impact on how the City of Chicopee viewed Plaintiff's job performance. (Ex. C, Plaintiff's deposition, p. 142).

9. No doctor has given any opinion which concludes that any causal connection exists between the smoking and the seizure symptoms. To the contrary, Plaintiff Bourbeau's own doctor opined that any such causation was **not likely**. (Ex. K, medical record of Claudia Koppelman, M.D.).

### Medical Leave Act:  Count VII

10. Plaintiff was given a certified Family Medical Leave package, but did not fill out the paperwork (Ex C, Plaintiff's deposition, p. 152).

### Disability/Handicap Discrimination: Counts VIII, X

11. Plaintiff's disability and handicap claims are based on his seizure disorder, and not on the alleged sexual harassment/discrimination. (Ex. L, MCAC Complaint; Ex. C, Plaintiff's deposition p. 71).

12. Plaintiff's seizure disorder did not prevent Plaintiff from engaging in any major life activity after January 2001. (Ex. C, Plaintiff's deposition, pp. 17-19, 40).

### Retaliation

13. Plaintiff was not simply terminated as assistant supervisor, the position of assistant supervisor was eliminated due to 2002 budget cuts. (Ex. E, Theroux deposition, pp. 54-55; Ex. C, Plaintiff's deposition, pp. 66-69).

14. The position of assistant supervisor was not reinstated, and no one has been hired to replace Plaintiff Bourbeau. (Ex. E, Theroux deposition, pp. 54-57).

15. The City of Chicopee had a valid, nondiscriminatory basis for eliminating Plaintiff Theroux's position (assistant supervisor), to wit: mandatory budget cuts of 15 per cent (15%). (Ex. E, Theroux deposition, pp. 55-57).

16. To accomplish the budget cuts, half a dozen City employees were terminated. (Ex. C, Theroux deposition, pp. 66-69).

**Statute of Limitations**

17. Plaintiff first learned of the alleged sexual harassment and/or discriminatory acts on July 17, 2000, but did not file the MCAD claim until August 6, 2002. (Ex. B, MCAD filings).

THE DEFENDANT
DAVID THEROUX

By: *[signature]*
John A. Cvejanovich, BBO #549285
O'CONNELL, FLAHERTY
& ATTMORE, L.L.C.
1350 Main Street
Springfield, MA 01103
(413) 747-1773 (phone)
(413) 746-1529 (fax)

CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that on 2/23/06 I served the within document, within the time standards provided therefor, on the parties to this action by mailing a copy, postage prepaid, to:

Attorney Alan Jay Black
1383 Main Street
Springfield MA 01103

Attorney William J. O'Grady
Associate City Solicitor
CITY OF CHICOPEE LAW DEPARTMENT
17 Springfield Street
Chicopee MA 01013

*[signature]*
John A. Cvejanovich, BBO #549285

4