UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO: 04-30107-KPN

ALAN BOURBEAU
    Plaintiff

v.

CITY OF CHICOPEE, A Municipal Corporation duly established under the Laws of the Commonwealth of Massachusetts,

and

DAVID THEROUX in his official Capacity as supervisor of the City of Chicopee's Central Maintenance Garage,
    Defendants

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, CITY OF CHICOPEE

**Introduction**

The Plaintiff has named the City of Chicopee and one of its employees, David Theroux, as Defendants in this action. The majority of the issues raised by the City of Chicopee's Motion for Summary Judgment are identical to those raised by its employee, David Theroux through his attorney, John Cvejanovich. For purposes of the City of Chicopee's Motion for Summary Judgment, and in an effort to avoid the voluminous filing and repetition of issues that are identical for both Defendants, the City of Chicopee

1

will not incorporate in entirety the citations set forth in the Memorandum of David Theroux. It would incorporate those arguments by reference herein. However, there are issues that are unique to the City of Chicopee, in that it is a municipality within the Commonwealth of Massachusetts, and the Memorandum set forth on behalf of David Theroux does not address those unique issues. This Memorandum, therefore, incorporates by reference all of the arguments made on behalf of David Theroux to support a Motion for Summary Judgment on behalf of the City of Chicopee also, but additionally sets forth the issues which are unique to the City of Chicopee and which further support a Motion for Summary Judgment on behalf of the City of Chicopee.

### Count I:   Sexual Harassment in Violation of 42 U.S.C. 2000e, et seq.

The City of Chicopee adopts the arguments set forth in the Memorandum of David Theroux and incorporates the same by reference herein.

### Count II:   Sexual Harassment in Violation of G.L. c. 151B § 4 (16A)

The City of Chicopee adopts the arguments set forth in the Memorandum of David Theroux and incorporates the same by reference herein.

### Count III:   Sexual Discrimination In Violation of 42 U.S.C. 2000e:   Disparate Conditions

The City of Chicopee adopts the arguments set forth in the Memorandum of David Theroux and incorporates the same by reference herein.

### Count V:   Intentional Infliction of Emotional Distress

The City of Chicopee incorporates by reference each of the arguments set forth in David Theroux's Memorandum. However, there are certain issues that are exclusive to the City of Chicopee with respect to this Count.

## THE CITY OF CHICOPEE IS IMMUNE FROM LIABILITY FOR INTENTIONAL INFLICTION OR EMOTIONAL DISTRESS.

Massachusetts General Laws, Chapter 258 bars any claim against the City of Chicopee for an intentionally tortuous act. M.G.L. Chapter 258 provides the exclusive remedy for public employees who claim that they are entitled to compensation for injury caused by the negligent or wrongful act or omission of any public employer. M.G.L. Chapter 258, Section 2. Any claim made under Massachusetts law alleging damages for intentional torts is barred, although employees themselves maybe personally liable for any harm they have intentionally caused. *Spring v. Geriatric Authority of Holyoke*, 394 Mass. 274, 475 N.E.2d, 727 (1983).

Count V of the Complaint specifically alleges an intentional tort. That Count must be dismissed with respect to a claim against the City of Chicopee.

## Count VI: Negligent Infliction of Emotional Distress

With respect to Plaintiff's claim that he was the victim of negligent Infliction of Emotional Distress, he alleges in his Complaint that he was an employee of the City of Chicopee during the period of time beginning June 27, 2000 and that he suffered damages as a result of the negligent Infliction of Emotional Distress during the period of time beginning June 27, 2000 up to and including July 1, 2002. (Exhibit "A"). The Plaintiff is not specific with regard to what behavior or conduct of the City (through its employees) actually constituted negligence for purposes of this Count, but a review of the Plaintiff's entire deposition testimony speaks of various incidents that began in May 2001 (Plaintiff's deposition, Exhibit "C", 41: 10 – 13 and continued until the final significant event occurred sometime prior to May 9, 2002, the last day he worked. (Plaintiff's

3

deposition, Exhibit C, 118: 11 & 12). He described no incident in his Affidavit which could be considered negligent between April 8, 2002 and July 1, 2002. (See Exhibit "C"). In fact, the only allegations which he makes against the City which could even be considered to constitute negligence were actions which occurred prior to April 8, 2002. In order to bring a claim against a municipality for negligence, that claim must be made pursuant to M.G.L., Chapter 258. Furthermore, a Plaintiff seeking to bring such a claim must first "present" that claim "within two years after the date upon which the cause of action arose". M.G.L., Chapter 258, § 4.

The purpose of the presentment requirement under the Massachusetts Tort Claim's Act is to ensure that the responsible public official receives notice of the claim, so that official can investigate to determine whether the claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future. *Rodriguez v. Cambridge Housing Authority*, 59 Mass. Appeals Court 127 (2003). Summary Judgment is properly entered against a Plaintiff who has not made proper presentment of his claim against a public employer. *Alex v. Boston Water and Sewer Commission*, 45 Mass. Appellate Court 914 (1998). *Tivnan v. Registrar of Motor Vehicles*, 50 Mass. Appeals Court 96 (2000).

On or about April 8, 2004, the Plaintiff made a "presentment" to the City of Chicopee of his claim pursuant to the provisions of M.G.L., Chapter 258, § 4. A copy of that presentment is annexed hereto as Exhibit "D". All of the actions which are alleged to be negligent by way of both the Presentment Letter and the Plaintiff's Complaint took place prior to April 8, 2002. Although, the Plaintiff's suggest that certain actions did, in fact,

take place between April 8, 2002 and the date of his termination on or about July 1, 2002, none of those reported activities would constitute a negligent action for which the City would be liable under M.G.L., Chapter 258.

The actions which are complained of as being negligent took place more than two years prior to the so-called presentment of the Plaintiff's claim and any action by the Plaintiff against the City of Chicopee for negligence (as alleged in Count VI of the Complaint is barred as being untimely. Count VI of the Complaint should be dismissed.

In all other respects, the Defendant, City of Chicopee, reasserts on its own behalf the arguments set forth in the Memorandum filed on behalf of David Theroux as reason to dismiss and/or grant Summary Judgment with respect to the balance of the Plaintiff's Complaint.

Dated: March 10, 2006

                        THE DEFENDANT
                        CITY OF CHICOPEE

                        By Its Attorney

                        William J. O'Grady
                        Associate City Solicitor
                        City of Chicopee Law Department
                        17 Springfield Street
                        Chicopee, MA 01013
                        (413) 594-1520
                        Fax: (413) 594-1524
                        BBO#377875

## CERTIFICATE OF SERVICE

I certify that on March 10, 2006 I served the within document, within the time standards provided therefore, on the parties to this action by mailing a copy, postage prepaid, to:

Alan Jay Black, Esq.
1383 Main Street
Springfield, MA  01103

John A. Cvejanovich, Esq.
O'CONNELL, FLAHERTY
    & ATTMORE, L.L.C.
1350 Main Street
Springfield, MA  01103

William J. O'Grady
Associate City Solicitor