Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT II
### Sexual Harassment
### (G.L.c. 151B, Sec. 4(16A)

60. The plaintiff reavers the allegations of paragraphs 1 to 59 of this complaint.

56. The defendants, City of Chicopee and David Theroux did violate under the laws of the Commonwealth of Massachusetts and under G.L. c. 151B, Sec. 4(16A) the protected civil rights of the plaintiff Alan Bourbeau in the manner and by the acts set forth hereinafter in this count.

57. The defendants City of Chicopee and David Theroux sexually harassed the plaintiff by committing sexual misconduct by interfering with the plaintiff's work performance by creating an intimidating, hostile and offensive work environment.

58. This conduct consisted of allowing a pervasive atmosphere of sexually offensive conduct, which interfered with the plaintiff's work environment.

59. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

### COUNT III
### Sexual Discrimination
### (42 U.S.C. Section 2000e, et seq)

60. The plaintiff reavers the allegations of paragraphs 1 to 59 of this complaint.

61. The defendants, City of Chicopee and David Theroux did violate the federally protected civil rights of the plaintiff Alan Bourbeau and 42 U.S.C., Sec. 2000e, et seq. and by amendments I, IV, V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

62. The defendants City of Chicopee and David Theroux sexually discriminated against the plaintiff by creating disparate conditions of employment between employees based solely upon the gender of the employee.

63. This conduct consisted of defendant David Theroux in his capacity of supervisor of the maintenance garage giving more favorable conditions of employment to Ms. Cardin merely due to Mr. Theroux's relationship with Ms. Cardin.

64. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT IV
### Sexual Harassment
### (G.L.c. 151B, Sec. 4(16A)

65. The plaintiff reavers the allegations of paragraphs 1 to 64 of this complaint.

66. The defendants, City of Chicopee and David Theroux did violate under the laws of the Commonwealth of Massachusetts and under G.L. c. 151B, Sec. 4(16A) the protected civil rights of the plaintiff Alan Bureau in the manner and by the acts set forth hereinafter in this count.

67. The defendants City of Chicopee and David Theroux sexually discriminated against the plaintiff by creating disparate conditions of employment between employees based solely upon the gender of the employee.

68. This conduct consisted of defendant David Theroux in his capacity of supervisor of the maintenance garage giving more favorable conditions of employment to Ms. Cardin merely due to Mr. Theroux's relationship with Ms. Cardin.

69. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT V
### Intentional Infliction of Emotional Distress

70. Plaintiffs affirm and reallege the allegations of Paragraphs 1 through 69.

71. The defendants City of Chicopee and David Theroux, did intentionally cause the plaintiff Alan Bourbeau to suffer emotional distress through their actions.

72. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT VI
### Negligent Infliction of Emotional Distress

73. Plaintiffs affirm and reallege the allegations of Paragraphs 1 through 72.

74. The defendants City of Chicopee and David Theroux, did negligently cause the plaintiff Alan Bourbeau to suffer emotional distress through their actions.

75. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT VII
### Violation of Family and Medical Leave Act
### (29 U.S.C. 2613)

76. The plaintiff reavers the allegations of paragraphs 1 to 75 of this complaint.

77. The defendants, City of Chicopee and David Theroux did violate the federally protected rights of the plaintiff Alan Bourbeau and 29 U.S.C., Sec. 2613. and by amendments V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

78. The defendant City of Chicopee did terminate the plaintiff while on a medical leave for a serious health condition that made the plaintiff unable to perform the functions of the position of his employee.

79. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

### COUNT VIII
### Violation of American with Disabilities Act
### (42 U.S.C. 12101, et seq.)

80. The plaintiff reavers the allegations of paragraphs 1 to 79 of this complaint.

81. The defendants, City of Chicopee and David Theroux did violate the federally protected rights of the plaintiff Alan Bourbeau and 42 U.S.C., Sec. 2613. and by

amendments V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

82. The defendant City of Chicopee did terminate the plaintiff, a qualified individual with a disability because of the disability.

83. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

## COUNT IX
### Violation of American with Disabilities Act
### Lack of Reasonable Accommodation
### (42 U.S.C. 12101, et seq.)

84. The plaintiff reavers the allegations of paragraphs 1 to 83 of this complaint.

85. The defendant, City of Chicopee and David Theroux did violate the federally protected rights of the plaintiff Alan Bourbeau and 42 U.S.C., Sec. 2613. and by amendments V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

86. The defendant City of Chicopee did not offer the plaintiff, a qualified employee, reasonable accommodation, such as a smoke free environment in spite of the fact that such accommodation would have not been difficult or costly to provide and that it was in direct contravention of the city's no smoking policies.

87. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT X
### Handicapped Discrimination
### (G.L. c. 151B, Sec. 1(17)

88. The plaintiff reavers the allegations of paragraphs 1 to 87 of this complaint.

89. The defendant, City of Chicopee did violate the rights of the plaintiff Alan Bourbeau under the laws of the Commonwealth and under G.L. c. 151B, Sec. 1(17) in the manner and by the acts set forth hereinafter in this count.

90. The defendant City of Chicopee did terminate the plaintiff, a person who was a qualified handicapped person because of the plaintiff's handicap.

91. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

## COUNT XI
### Lack of Reasonable Accommodation
### (G.L. c. 151B, Sec. 1(17))

92. The plaintiff reavers the allegations of paragraphs 1 to 91 of this complaint.

93. The defendants, City of Chicopee and David Theroux did violate the plaintiff's protected rights under the laws of the Commonwealth and under G.L. c. 151B, Sec. 1(17) in the manner and by the acts set forth hereinafter in this count.

94. The defendants City of Chicopee and David Theroux did not offer the plaintiff, a qualified employee reasonable accommodation, such as a smoke free environment in spite of the fact that such accommodation would have not been difficult or costly to provide and that it was in direct contravention of the city's no smoking policies.

95. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT XII
### Retaliation

96. The plaintiff reavers the allegations of paragraphs 1 to 95 of this complaint.

97. The defendant, City of Chicopee did violate the plaintiff's protected federal Constitutional rights under the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., under the V and IV Amendments to the United States Constitution and under the laws of the Commonwealth and under G.L. c. 151B in the manner and by the acts set forth hereinafter in this count.

98. The defendant City of Chicopee retaliated against the plaintiff Alan Bourbeau because the plaintiff consistently opposed the employer's practices of creating a sexually hostile environment and opposed the employer's not making reasonable accomodations for the plaintiff's qualified disability/handicap.

99. Further, the defendant City of Chicopee retaliated against the plaintiff Alan Bourbeau because the plaintiff had informed the City Human Resources department that he was planning on filing suit in the Massachusetts Commission Against Discrimination due to the defendant's City's discriminatory practices.

100. As a result of the acts of the defendants, City of Chicopee and David Theroux, the plaintiff Alan Bourbeau suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the plaintiff demands judgment against the defendant, City of Chicopee and David Theroux and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

Plaintiff makes a demand for a jury on the claims as above described.

THE PLAINTIFF

Alan Bourbeau

By: _____
His Attorney
Alan J. Black, Esquire
1383 Main Street
Springfield, MA 01103
(413) 732-5381
