*UNITED STATES DISTRICT COURT*

*WESTERN DISTRICT OF*
*MASSACHUSETTS*
*CIVIL ACTION NO.: 04-30107-KPN*

|  |  |
|---|---|
| *ALAN BOURBEAU,*<br>  *Plaintiff*<br><br>*v.*<br><br>*CITY OF CHICOPEE, A Municipal*<br>*Corporation duly established under the*<br>*Laws of the Commonwealth of*<br>*Massachusetts,*<br>     *and*<br>*DAVID THEROUX in his official*<br>*Capacity as supervisor of the City of*<br>*Chicopee's Central Maintenance Garage,*<br>  *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



## OPPOSITION OF DEFENDANT, DAVID THEROUX IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF THE CITY OF CHICOPEE'S CENTRAL MAINTENANCE GARAGE, TO PLAINTIFF'S MOTION TO AMEND NOTICE OF EXPERT WITNESSES

NOW COMES David Theroux to oppose Plaintiff's Motion to Amend Notice of Expert Witnesses for the following reasons:

As to both purported witnesses: Kenneth Jaffe, M.D and Roger Kaufman, Pension Appraiser, Plaintiff offers no valid excuse, in fact no reason at all, for not having given notice of the purported expert months ago. Plaintiff's examination by Dr. Jaffe was performed August 3. He knew before then, of the examination, but never informed David Theroux or counsel. He would have had the report a few days later and had no reason to delay almost four months.

As to Mr. Kaufman, even now Defendants do not know what his opinion will be, nor will they have any reasonable opportunity to traverse it, depose Mr. Kaufman and obtain an expert analysis on their behalf. Plaintiff's motion states that: "Mr. Kaufman's report will indicate Mr. Bourbeau's economic loss as a result of his being fired from the

1

City of Chicopee." The underlying facts for this opinion have been available to Plaintiff for years. Plaintiff again offers no excuse and no reason, valid or otherwise, why the expert designation and the report could not have been made months, or even a year ago.

This is not a case where some event prevented Plaintiff from fulfilling his discovery obligation (e.g., illness of himself or counsel, change of counsel, misunderstanding of what was being requested). Plaintiff simply did not do it, and will not do it until sometime next year. This will greatly prejudice both Defendants.

Nor can Plaintiff assert that his change in "job status" justifies the late notice. Any economic analysis is subject to vagaries. An employee's "job status" can change at any time, for better or for worse. An economist can, and in fact must, be made subject to the possibility of a change in "job status." Plaintiff offers no reason for his failure to give notice prior to now.

Further, as to Dr. Jaffe, a review of his report reveals that it is no more than a recitation of Plaintiff's self-serving claims, allegations and complaints. To the extent that two tests were referred to, the report does not state that the tests were administered by Dr. Jaffe. It suggests that they were done previously and he only read the results. Regardless, Plaintiff's own psychologist Joan Lesser can testify to the test results and their significance.

Plaintiff may choose to introduce Dr. Jaffe's report preventing David Theroux from even cross-examining him, putting Mr. Theroux to the expense and prejudice of calling Dr. Jaffe himself to impeach his opinions with the risk of appearing to vouch for him.

Plaintiff is asking the court to allow the extremely late addition of two experts, two witnesses whose addition to the case will require at least four rounds of further discovery for each witness (answers to expert interrogatories; expert depositions; obtaining responsive experts; providing them with all facts and evidence, obtaining their opinions; serving expert discovery responses; depositions of these experts).

There is not sufficient time to accomplish these tasks. Plaintiff has offered no reason for not having made his disclosures within the court's schedule.

2

The motion should be denied.

> THE DEFENDANT
> DAVID THEROUX
>
> By:
> _____
> John A. Cvejanovich, BBO #549285
> O'CONNELL, FLAHERTY
>    & ATTMORE, L.L.C.
> 1350 Main Street
> Springfield, MA 01103
> (413) 747-1773 (phone)
> (413) 746-1529 (fax)

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that on 12/27/06 I served the within document, within the time standards provided therefor, on the parties to this action by mailing a copy, postage prepaid, to:

Attorney Alan Jay Black
1383 Main Street
Springfield MA 01103

Attorney William J. O'Grady
Associate City Solicitor
CITY OF CHICOPEE LAW DEPARTMENT
17 Springfield Street
Chicopee MA 01013

_____
John A. Cvejanovich, BBO #549285

3